## RICHARDSON v. GRILL.
### No. 6934.

Circuit Court of Appeals, Fifth Circuit.

Feb. 7, 1934.

## In re FERENCI.
### Patent Appeal No. 3209.

Court of Customs and Patent Appeals.

Feb. 26, 1934.

W. F. Finch, of West Palm Beach, Fla., for appellant.

A. Melrose Lamar, of West Palm Beach, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

PER CURIAM.

The bankrupt Richardson first claimed about $1,300, due him for personal labor and services, as exempt under a Florida statute, C. G. L. § 5792. The court allowed the claim, but held that such part of the amount thereof as had been earned subsequent to the date of adjudication in bankruptcy should be deducted. Confronted with this situation, the bankrupt by an amended petition abandoned his claim under the statute, and instead prayed to be allowed as the head of a family an exemption of $1,000, under article 10, § 1, of the Florida Constitution. The court allowed the amendment and awarded to the bankrupt $1,000, which he received in full satisfaction. The bankrupt now appeals and seeks to recover the difference of $300 by reasserting his right under the statute. Clearly, he is estopped to do this. His original claim of exemption, having been voluntarily withdrawn and supplanted by an amendment, was no longer before the trial court, and it cannot after settlement of the claim as amended be renewed in this court.

The appeal is dismissed.